## O. TALAMON & DESSOMMES *v.* JOHN MYERS.

*Where a note payable to order is transferred by special endorsements, the party who sues on it must prove the special endorsements to entitle him to recover.*

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *J. L. Tissot*, for plaintiffs. *Race & Foster*, for defendant and appellant.

VOORHIES, J. The plaintiffs sue as holders of a promissory note drawn by the defendant, *John Myers*, to the order of *O. Talamon*. There are two special endorsements: the first by *O. Talamon* to *O. Talamon & Co.*; and the second by *O. Talamon & Co.* to the plaintiffs, *O. Talamon & Dessommes*.

The only question presented is whether the petition should have disclosed or alleged these special endorsements, and proof administered of their execution. The District Judge admitted the note in evidence, overruling the objections of the defendant, who thereupon took a bill of exceptions.

It was incumbent on the plaintiffs, if not to allege the endorsements, at least to prove them. 2 Greenleaf Evidence, §163; 5 An. 642, *Ferguson, Adm'r*, v. *King, Curator*; 13 An. 457, *S. Robb & Co.* v. *Bailey*; 10 An. 460, *Clannon* v. *Calhoun*.

It is, therefore. ordered and decreed, that the judgment of the District Court be avoided and reversed; and that the plaintiffs' demand be rejected as in case of nonsuit, with costs in both courts.

LAND, J., absent.